UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gabino Ortiz Beltran,

        Petitioner,

v.

Pamela Bondi, et al.,

        Respondents.

**ORDER GRANTING WRIT OF HABEAS CORPUS**
Civil File No. 25-04604 (MJD/DTS)

David Wilson, Olivia Anderson-Petroske, Wilson Law Group, Counsel for Petitioner, Gabino Ortiz Beltran.

Friedrich A. P. Siekert, Assistant United States Attorney, Counsel for Federal Respondents.

**I.   INTRODUCTION**

This matter is before the Court on Petitioner Gabino Ortiz Beltran's Emergency Petition for Writ of Habeas Corpus and Emergency Motion for Temporary Restraining Order ("TRO").  (Docs. 1, 6.)  Beltran requests essentially the same relief in both his petition and his motion.  Because the parties have briefed the merits of Beltran's request for habeas relief (Docs. 12, 13), the Court will skip discussion of interim relief and resolve the merits of Beltran's petition.  See Avalos v. Bondi, No. C25-4063-LTS-KEM, 2025 WL 3530162, at *3 n.7 (N.D.

Iowa Dec. 9, 2025) (citing Sanchez Alvarez v. Noem, No. 25-cv-1090, 2025 WL 2942648, at *10 (W.D. Mich. Oct. 17, 2025) (granting habeas corpus petition and denying requested interim relief as moot); Sanchez Ballestros v. Noem, No. 25-cv-594, 2025 WL 2880831, at *1 (W.D. Ky. Oct. 9, 2025) (same)).

## II.  BACKGROUND

In or about 2007, Beltran, a citizen of Mexico, entered the United States without inspection and without encountering Respondents. (Docs. 1 ¶¶ 13, 28-30; 11-1 at 1.) He is married to a permanent resident of the United States and has two United States-citizen children. (Docs. 1 ¶ 32; 8 at 2.) He has no pending criminal charges. (Docs. 8 at 3; 11-1 at 2.) On December 11, 2025, Beltran was detained by Respondents. (Docs. 1 ¶ 31; 8 at 3.) On December 12, 2025, he filed a Petition for Habeas Corpus. (Doc. 1.) On December 16, 2025, the Court issued an Order to Show Cause ("OTC") ordering Respondents to respond to the habeas petition by December 18 and giving Beltran until December 20 to file a reply. (Doc. 5.) On December 17, 2025, unbeknownst to Respondents' counsel, Respondents transferred Beltran to Kentucky due to "bedspace issues." (Doc. 10 at 1.) Later that same day, Beltran filed a Motion for a TRO seeking an order enjoining Respondents from moving him outside of Minnesota and ordering Respondents to provide him with a bond hearing. (Doc. 8 at 27.) On December

2

18, 2025, Respondents filed a Consolidated Response to Order to Show Cause, Habeas Petition, and Motion for TRO. (Doc. 12.) On December 20, Beltran filed his Combined Reply in Support of TRO & Writ of Habeas Corpus. (Doc. 13.) Though Beltran was first held in the Freeborn County Jail in Albert Lea, Minnesota, he is currently in the Boone County Jail in Burlington, Kentucky.

Because Beltran has been moved out of Minnesota, he now only requests a writ ordering Respondents to provide him with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A) within seven days.

## III.  DISCUSSION

A writ of habeas corpus may be granted to a petitioner who demonstrates he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). District courts have jurisdiction to hear habeas challenges to immigration-related detention. Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Aditya W. H. v. Trump, Civ. No. 25-1976 (KMM/JFD), 782 F. Supp. 3d 691, 702-03 (D. Minn. May 14, 2025) (collecting cases). The petitioner bears the burden to prove illegal detention by a preponderance of the evidence. See Aditya, 782 F. Supp. 3d at 703 (collecting cases).

In this case, as in so many other immigration cases in this District, both in the TRO and writ of habeas corpus setting, the two dispositive issues for the

3

Court to decide whether to grant Beltran's habeas petition are (1) whether the Court has jurisdiction over the case, and (2) whether 8 U.S.C. § 1225(b) or 8 U.S.C. § 1226(a) applies to Beltran's situation.  Because the Court concludes (1) that it still maintains jurisdiction over this case and (2) that § 1226(a) applies to Beltran's situation, the Court will grant the habeas petition.

A.    **Jurisdiction**

Respondents first argue that under 8 U.S.C. § 1252(g), the Court is precluded from reviewing Beltran's Petition and Motion.  Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate proceedings, or execute removal orders." 8 U.S.C. § 1252(g).  This narrow provision applies in only the three enumerated circumstances: 1. decisions to commence proceedings, 2. adjudicate proceedings, or 3. to execute removal orders.  Beltran is not challenging the implementation of § 1225, seeking judicial review of a final order of removal, an order of detention, or review of any discretionary action of the Attorney General or the Department of Homeland Security.  See Belsai D.S. v. Bondi, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *4 (D. Minn. Oct. 1, 2025) (citing Reno v. Am.-Arab Anti-

Discrim. Comm., 525 U.S. 471, 482 (1999)); see also Dep't of Homeland Sec. v. Regents of the Univ. of Calif., 591 U.S. 1, 19 (2020) (discussing how narrow § 1252(g) is). Rather, he challenges Respondents' argument that his detention is mandatory under section 1225(b). Therefore, the Court finds that § 1252(g) does not bar review of Beltran's Petition by the Court. See, e.g., Jose J.O.E. v. Bondi, 797 F. Supp. 3d 957, 969 (D. Minn. 2025); Maldonado v. Olson, 795 F. Supp. 3d 1134, 1146-47 (D. Minn. 2025); Belsai, 2025 WL 2802947, at *5.

Respondents next argue that even if this Court once had jurisdiction, it lost it when Beltran was transferred to Kentucky. They now argue that Beltran's petition should be dismissed as moot. (Docs. 10; 12 at 1, 34.)

The Court retains jurisdiction over habeas cases filed before a petitioner was transferred out of the jurisdiction. Lopez v. Fisher, No. CIV. 10-2407 PJS/TNL, 2012 WL 6778518, at *4 (D. Minn. Nov. 29, 2012), R&R adopted, 2013 WL 74363 (D. Minn. Jan. 7, 2013) (holding that court had jurisdiction over habeas case filed before BOP transferred petitioner out of Minnesota) (citing Rumsfeld v. Padilla, 542 U.S. 426, 440-41 (2004) for the proposition that when "the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct

the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release") (citing Ex parte Endo, 323 U.S. 283 (1944)); Taylor v. Fikes, No. 20-CV-1364 (PJS/ECW), 2022 WL 18584395, at *8 (D. Minn. Dec. 2, 2022), R&R adopted, 2023 WL 1477839 (D. Minn. Feb. 2, 2023) (same). This is also true for habeas petitioners in immigration cases where the "transfer of a § 2241 petitioner out of the court's territorial jurisdiction [after the petitioner has filed a habeas petition] does not strip the court of jurisdiction over the petition." Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 446 (3d Cir. 2021) (addressing petitioner's Rule 60(b) motion after petitioner was transferred) (citing Endo, 323 U.S. at 307); Chavez-Rivas v. Olsen, 194 F. Supp. 2d 368, 375–76 (D.N.J. 2002) (holding that when petitioner filed habeas petition in district in which he was detained in good faith, his transfer out of district did not strip court of jurisdiction over federal defendant); Padilla-Ramirez v. Bible, 180 F. Supp. 3d 697, 699 (D. Idaho 2016) (court retained jurisdiction despite petitioner's transfer), aff'd, 862 F.3d 881 (9th Cir. 2017), opinion amended and superseded, 882 F.3d 826 (9th Cir. 2017), and aff'd, 882 F.3d 826 (9th Cir. 2017).

  **B.**  **Whether Section 1225 or 1226 Applies to Beltran's Situation**

  This case turns on whether Beltran is "an applicant for admission" under 8 U.S.C. § 1225(b) or an alien residing in the United States under § 1226. If §

6

1225(b) applies, Beltran is subject to mandatory detention and is not entitled to a bond hearing. Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). However, if § 1226 applies, Beltran is subject to discretionary detention and is entitled to a bond hearing. See Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1247 (W.D. Wash. 2025) (explaining that the critical distinction between the two statutes is that "noncitizens detained under Section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under Section 1226(a) are entitled to a bond hearing before an IJ at any time before entry of a final removal order").

Respondents argue that because Beltran is a noncitizen who is present in the United States without having been admitted, he is an "applicant" for admission under section 1225(b) and is therefore subject to mandatory detention under section 1225(b)(2). (Doc. 12 at 20-23.) Courts have overwhelmingly rejected Respondents' interpretation, which says that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. See, e.g., Belsai, 2025 WL 2802947, at *5–6 (collecting cases); Jose Andres R.E. v. Bondi,

7

No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases).[1]

When interpreting a statute, "every clause and word of a statute should have meaning." United States ex rel. Polansky v. Exec. Health Res., Inc., 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting Montclair v. Ramsdell, 107 U.S. 147, 152 (1883)).  Noncitizens like Beltran, who have been living in the country for months or, in his case, years, but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b), which requires that several conditions be met before someone can be detained.  An immigration officer must determine that the noncitizen "is [1] an applicant for admission . . . [2] seeking admission . . . [and 3] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A).

Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking."  Section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention.  To be seeking admission

---

[1] The Court also takes note of the Honorable Jeffrey M. Bryan's December 9, 2025 decision in this District granting the petition for a writ of habeas corpus in Victor V. v. Bondi, No. 25-cv-04480 (JMB/ECW) (D. Minn. Dec. 9, 2025).

means to be seeking entry, which "by its own force implies a coming from outside." United States ex rel. Claussen v. Day, 279 U.S. 398, 401 (1929); Belsai, 2025 WL 2802947, at *5-6 (gathering cases). Beltran has resided in the country for 18 years and therefore, is not currently "seeking admission" into the United States. Beltran does not need to "come from outside." He is already here.

In addition, Respondents issued Beltran the same Notice to Appear ("NTA") that they issued to the petitioner in Jose Andres R.E., 2025 WL 3146312, at *3. The Jose Andres R.E. court explained that the NTA, itself, indicated that the petitioner was not "seeking admission" under § 1225:

> R.E.'s notice to appear does not indicate any present-tense action. In fact, the immigration officer indicated that R.E. was "an alien present in the United States who has not been admitted or paroled," while failing to indicate he was "an arriving alien":
>
>> ☐ You are an arriving alien.
>> ☒ You are an alien present in the United States who has not been admitted or paroled.
>> ☐ You have been admitted to the United States, but are removable for the reasons stated below.
>
> (ECF 13-2 at 1.) Without any sort of present-tense action, R.E. is not "seeking admission," and is thus not subject to Section 1225(b).
>
> The government's reading would also render Section 1226(c)'s recent amendment superfluous. Under the recent amendment set forth in the Laken Riley Act, people charged with certain crimes are not subject to discretionary release and must be detained. The government's reading—that any noncitizen in the country that has

> not been admitted is subject to mandatory detention under Section 1225(b)—would render this amendment meaningless because the people who fall under mandatory detention in Section 1226(c) would already be subject to detention under Section 1225.

Id. (citations omitted); (Doc. 11-2).

Finally, the Court finds that the Government's recent reliance on Matter of Yajure Hurtado, 29 I & N Dec. 216 (B.I.A. 2025), deserves no deference. See Eliseo A.A. v. Olson, No. CV 25-3381 (JWB/DJF), 2025 WL 2886729, at *4 (D. Minn. Oct. 8, 2025) (citing Loper Bright Enters. v. Raimondo, 603 U.S. 369, 394, (2024) (stating that only long-standing and consistent interpretations merit weight)).

Beltran has been in the United States for 18 years. Accordingly, his detention is governed by § 1226(a)'s discretionary framework, and not the mandatory detention provisions of § 1225(b). This District is united in finding that those who are already in the United States at the time they are detained by ICE are governed by the provisions of 8 U.S.C. § 1226, not § 1225(b). See Fuentes v. Olson, No. 25-CV-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025) ("Notably, every district judge in this District to consider this question on the merits has rejected the Government's argument."). Nationally, about 300 cases have been decided against the government on this issue. Id. at *1. Pursuant

10

to § 1226(a), Beltran is entitled to a bond hearing.  8 U.S.C. § 1226(a)(1)(2); <u>Belsai</u>, 2025 WL 2802947, at *5–7; <u>Jose Andres R.E.</u>, 2025 WL 3146312, at *1 n.2.

The Court will grant Beltran's writ of habeas corpus as set forth below.

## IV.   ORDER

Based upon the files, records, and proceedings herein, and consistent with the foregoing, **IT IS HEREBY ORDERED**:

1. Petitioner Gabino Ortiz Beltran's Emergency Petition for Writ of Habeas Corpus **[Doc. 1]** is **GRANTED as follows**:

   A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a)(1);

   B. Respondents must provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of the date of this Order;

   C. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention;

   D. Within ten days of the date of this Order, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation; and

2. Petitioner's Emergency Motion for Temporary Restraining Order **[Doc. 6]** is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 23, 2025       s/Michael J. Davis
                                               Michael J. Davis
                                               United States District Court